IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-253-WKW |
| ) | [WO] |
| DR. MICHAEL BOROWICZ, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiff, a state inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, moved for a preliminary injunction enjoining Defendants from delaying or denying him adequate mental healthcare. He seeks one-on-one mental health counseling sessions and implementation of groups and programs for mentally ill inmates. (Doc. # 4.) The Magistrate Judge filed a Recommendation that the court deny the motion for a preliminary injunction. (Doc. # 47.) Plaintiff filed an objection. (Doc. # 52.) The objection is due to be overruled, and the Recommendation is due to be adopted.

After careful consideration, the court finds that the Magistrate Judge did not err in finding that Plaintiff failed to show that he is likely to succeed on the merits on his Eighth Amendment deliberate indifference claim. *See generally Adams v.*

*Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).  Having correctly found that Plaintiff failed to satisfy the first requirement for a preliminary injunction, *see generally McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (setting forth the elements required to obtain a preliminary injunction), the Magistrate Judge did not error in failing to consider the other factors.

Accordingly, it is ORDERED as follows:

(1) Plaintiff's objection (Doc. # 52) is OVERRULED;

(2) The Recommendation (Doc. # 47) is ADOPTED;

(3) Plaintiff's motion for a preliminary injunction (Doc. # 4) is DENIED; and

(4) This action is REFERRED back to the Magistrate Judge for additional proceedings.

DONE this 17th day of July, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE