IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-253-WKW |
| ) | [WO] |
| MICHAEL BOROWICZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court are four motions made by Plaintiff John Andrew Kister. The rulings are as follows.

Based on the discussions at the mediation conference conducted by the Honorable Jerusha T. Adams, United States Magistrate Judge, on November 13, 2025, it is ORDERED that Plaintiff's oral motion made on that date to withdraw the motion for reconsideration of an aspect of the settlement (Doc. # 136) is GRANTED. Accordingly, the motion for reconsideration (Doc. # 136) is DENIED as moot. It is further ORDERED that Plaintiff's motion to compel the settlement payment (Doc. # 144) is DENIED at this time without prejudice.

Also pending is Plaintiff's motion for a refund and/or waiver of the filing fees. (Doc. # 137.) This motion contains two requests. First, Plaintiff requests a refund of the $350.00 filing fee paid to the United States District Court for the Middle

District of Alabama. The district court's records reflect that Plaintiff has paid the full $350.00 fee required for bringing this civil action. That fee was paid in installments as follows:

| Date | Amount | Document Number |
|---|---|---|
| June 8, 2020 | $ 63.00 | Doc. # 45 |
| December 4, 2020 | $ 59.00 | Doc. # 76 |
| January 7, 2021 | $ 12.00 | Doc. # 77 |
| February 5, 2021 | $  9.00 | Doc. # 78 |
| March 9, 2021 | $ 16.00 | Doc. # 79 |
| April 7, 2021 | $ 18.00 | Doc. # 82 |
| May 11, 2021 | $173.00 | Doc. # 85 |
| **Total Paid** | $350.00 | |

Second, Plaintiff requests a waiver of the appellate filing fee, which has not yet been paid. (Doc. # 137.) Plaintiff's motion must be denied under the mandatory provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1)–(2).

> The PLRA provides, in pertinent part:
>
> (b)(1) . . . if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> > (A) the average monthly deposits to the prisoner's account; or
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having

>custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

§ 1915(b)(1)–(2).  Based on this language, the PLRA imposes strict requirements for prisoners proceeding *in forma pauperis* regarding the payment of filing fees.  Under § 1915(b), prisoners must pay the entirety of the fees for filing an action in the district court and for appealing the judgment, starting with an initial partial payment followed by monthly installments based on their account balances.  The PLRA contains no provision that permits refunds of filing fees once they have been paid.  This lack of statutory authority for refunds is compounded by the doctrine of sovereign immunity, as "the debited funds have become the property of the United States."  *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001); *see also* 28 U.S.C. § 751(e) ("The clerk of each district court shall pay into the Treasury all fees, costs and other moneys collected by him . . . .").  Here, the full payment of the district court's filing fee is required by statute, and once paid, these funds become the property of the United States, making them ineligible for a refund.

Additionally, the PLRA removes any discretion courts might otherwise have to waive payment of unpaid filing fees.  The intent of the PLRA "was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Under

3

the PLRA, "[p]risoners are no longer entitled to a waiver of fees and costs." *Ross v. Pasternak*, 2005 WL 1669116, at \*3 (M.D. Fla. July 13, 2005) (citing *Mitchell v. Farcus*, 112 F.3d 1483, 1488–89 (11th Cir. 1997)).  Therefore, although the PLRA permits installment payments for district court and appellate filing fees under certain conditions, it does not authorize courts to waive these fees for prisoners.  Finally, the court is unaware of any authority that would permit a district court to interfere with the collection of a filing fee owed to a court of appeals.

Based on the foregoing it is ORDERED that Plaintiff's motion for a refund and/or waiver of the filing fees (Doc. # 137) is DENIED.

DONE this 14th day of November, 2025.

                                              /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE