IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, ) | |
| AIS # 264274, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-253-WKW |
| ) | [WO] |
| MICHAEL BOROWICZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Return Prisoner Litigation Reform Act (PLRA) Mandated Payments (Doc. # 149) and a Motion for Status (Doc. # 150). Each motion will be addressed in turn.

A. **Motion to Return PLRA-Mandated Payments**

First, Plaintiff has filed a motion for the return of his PLRA-mandated filing fees. (Doc. # 149.) For the reasons to follow, Plaintiff's motion (Doc. # 149) will be denied.

Plaintiff asserts that he settled this action in September 2025 for $5,000. Thereafter, Bullock Correctional Facility, the institution where Plaintiff is incarcerated, took 20% ($1,000) and sent it to pay Plaintiff's filing fees.[1] Plaintiff

---

[1] Presumably, the $5,000 in settlement funds were credited to Plaintiff's prisoner account, given that Bullock Correctional Facility took 20% for payment of Plaintiff's filing fees.

claims that this was in error because, as he argues, settlement money does not constitute "income" for purposes of the PLRA. Plaintiff asks that the $1,000 taken to pay his filing fees be returned.

The PLRA states, "[I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). By his own admission, Plaintiff has "filed several lawsuits in the Middle and Northern District[s] of Alabama."[2] In each and every suit that Plaintiff files, including any appeals, he is required to pay the entire filing fee. Nevertheless, Plaintiff argues that the $1,000 should not have been taken from his account for payment of his filing fees because "[t]he relevant section – 28 U.S.C. 1915(b)(2) states: '. . . the prisoner shall be required to make monthly payments of 20 percent of the preceding month's <u>income</u> credited to the prisoner's account.'" (emphasis added by Plaintiff). To bolster his argument, Plaintiff provides a definition of "income" from the Merriam-Webster Dictionary: "A gain . . . measured in money that derives from labor, business, or property." Plaintiff asserts that the compensation received as a settlement for his claims alleging a violation of civil rights does not fit within definition of "income."

---

[2] Use of the word "several" significantly understates just how many lawsuits Plaintiff has filed. According to electronic case records available on PACER, Plaintiff has filed 19 lawsuits in the Middle District of Alabama and 14 lawsuits in the Northern District of Alabama, as well as seven appeals to the Eleventh Circuit.

2

Plaintiff's attempts to narrowly construe the definition of "income" are unavailing for at least three reasons. First, Plaintiff carefully left out the remainder of § 1915(b)(2), which states: "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court *each time the amount in the account exceeds $10 until the filing fees are paid*." (emphasis added). The statute's focus on the balance of "the account," rather than on specific types of deposits, indicates that funds credited to the account are eligible for payment of filing fees.

Second, the Order granting Plaintiff's motion to proceed *in forma pauperis* expressly directed that "Plaintiff shall make monthly payments of each preceding month's income and/or funds credited to his account as payments toward the $350.00 filing fee." (Doc. # 5 at 2.) The Order encompasses both "income" and "funds credited," thus, making clear that deposits of any kind would be applied toward the filing fee.

Third, Plaintiff's interpretation of "income" is at odds with persuasive caselaw authority. For example, in *Concepcion-Padilla v. Long*, the court sanctioned an inmate for failing to disclose a recent lawsuit settlement exceeding $2,500 on his *in forma pauperis* application. *See* 2024 WL 5049272, at *3–4 (N.D. Fla. Nov. 8, 2024), *R&R adopted*, 2024 WL 5046311 (N.D. Fla. Dec. 9, 2024). The court observed that the settlement proceeds could have been used to cover litigation

3

expenses and would have been considered in assessing an initial partial filing fee. *See id.*

Plaintiff is reminded that "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). This privilege does not exempt Plaintiff from paying filing fees in his numerous cases.

**B.   Motion for Status**

Plaintiff also has filed a motion for status. (Doc. # 150.) Because this Memorandum Opinion and Order answers the questions posed in Plaintiff's motion for status, that motion will be denied as moot.

**C.   Conclusion**

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Return PLRA-Mandated Payments (Doc. # 149) is DENIED. It is further ORDERED that Plaintiff's Motion for Status (Doc. # 150) is DENIED as moot. Plaintiff is instructed to stop filing motions related to the payment of filing fees in this action. This case is closed.

DONE this 20th day of January, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE